UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER J. GOLDFINGER,

                Plaintiff,

    -against-

WATERFRONT COMMISSION OF NEW YORK
HARBOR, THOMAS DE MARIA,
MICHAEL C. AXELROD, and
MICHAEL J. MADONNA,

                Defendants.

Civil Action No.: 08-01551
(VM)

**ANSWER AND
AFFIRMATIVE DEFENSES**

Defendants, WATERFRONT COMMISSION OF NEW YORK HARBOR (the "Commission"),

THOMAS DE MARIA, MICHAEL C. AXELROD and MICHAEL J. MADONNA (hereinafter collectively

referred to as "Defendants"), by and through their attorneys, WILSON, ELSER, MOSKOWITZ,

EDELMAN & DICKER, LLP, as and for their Answer to Plaintiff's Complaint dated February 14,

2008 state as follows:

## NATURE OF THE ACTION

    1.     Admit that, as alleged in paragraph "1" of Plaintiff's Complaint, Plaintiff brings

this action pursuant to the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621

et seq. ("ADEA"), but otherwise deny that there exists any basis in fact or law for Plaintiff's

allegations.

    2.     Admit that, as alleged in paragraph "2" of Plaintiff's Complaint, Plaintiff brings

this action pursuant to the Due Process Clause of the Fourteenth Amendment of the United

States Constitution (the "Fourteenth Amendment"), the First Amendment of the United States

3197204.1

Constitution (the "First Amendment"), and the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983 ("Section 1983"), but otherwise deny that there exists any basis in fact or law for Plaintiff's allegations.

3.     Admit  that, as alleged in paragraph "3" of Plaintiff's Complaint, Plaintiff seeks injunctive and declaratory relief, damages, statutory penalties and other legal and equitable relief pursuant to the ADEA, as well as Section 1983 and the First and Fourteenth Amendments, but otherwise deny that there exists any basis in fact or law for Plaintiff's allegations and claimed damages.

## JURISDICTION AND VENUE

4.     Deny the truth of the allegations set forth in paragraph "4" of the Plaintiff's Complaint, except to admit that Plaintiff alleges jurisdiction is proper under 28 U.S.C. § 1331, and otherwise respectfully refer all questions of law to the Court.

5.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of Plaintiff's Complaint.

6.     Deny the truth of the allegations set forth in paragraph "6" of the Plaintiff's Complaint, except to admit that Plaintiff alleges venue is proper pursuant to 28 U.S.C. § 1391, and otherwise respectfully refer all questions of law to the Court.

## PARTIES

7.     Deny the truth of the allegations set forth in paragraph "7" of Plaintiff's Complaint, except to admit that Plaintiff was a former employee of the Commission.

8.     Admit that the allegations set forth in paragraph "8" of Plaintiff's Complaint,

- 2 -

3197204.1

except to deny that the Commission "is an 'employer' within the meaning of the ADEA" and otherwise begs leave to refer all questions of fact to the trier of fact, and questions of law to the Court.

9.    Deny the truth of the allegations set forth in paragraph "9" of the Plaintiff's Complaint, except to admit that Defendant De Maria was the Commission's Executive Director at all relevant times.

10.    Deny the truth of the allegations set forth in paragraph "10" of the Plaintiff's Complaint, except to admit that Defendant Axelrod was the New York Commissioner at all times relevant hereto.

11.    Deny the truth of the allegations set forth in paragraph "11" of the Plaintiff's Complaint, except to admit that Defendant Madonna was the New Jersey Commissioner at all times relevant hereto.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of Plaintiff's Complaint.

13.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of Plaintiff's Complaint, except to admit that Plaintiff was employed by the Commission as Assistant Counsel.

14.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of Plaintiff's Complaint, except to admit that in or about 2003 Plaintiff was employed by the Commission as Director of Licensing and Employment

Information Centers.

15.     Deny the truth of the allegation set forth in paragraph "15" of Plaintiff's Complaint.

16.     Deny the truth of the allegation set forth in paragraph "16" of Plaintiff's Complaint.

17.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of Plaintiff's Complaint, except to admit that Jeffrey Schoen was employed by the Commission.

18.     Deny the truth of the allegations set forth in paragraph "18" of Plaintiff's Complaint, except to admit that the Commission's Directors were given performance evaluations to complete.

19.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations that Plaintiff submitted a "Director's Personal Evaluation" to Defendant De Maria and respectfully refer the Court to the alleged document and the contents and wording therein.

20.     Deny the truth of the allegations set forth in paragraph "20" of Plaintiff's Complaint.

21.     Deny the truth of the allegation set forth in paragraph "21" of Plaintiff's Complaint, except to admit that Plaintiff received a negative performance evaluation in 2007.

22.     Deny the truth of the allegations set forth in paragraph "22" of Plaintiff's Complaint.

23.     Deny the truth of the allegations set forth in paragraph "23" of Plaintiff's

- 4 -

Complaint.

24.    Deny the truth of the allegations set forth in paragraph "24" of Plaintiff's Complaint.

25.    Deny the truth of the allegations set forth in paragraph "25" of Plaintiff's Complaint.

26.    Deny the truth of the allegations set forth in paragraph "26" of Plaintiff's Complaint, except to deny knowledge and information sufficient to form a belief as to the truth of the allegation that Plaintiff attended a meeting with Defendant De Maria and Jon S. Deutsch, in 2007 and admit that Plaintiff was placed on a two month probationary period.

27.    Deny the truth of the allegations set forth in paragraph "27" of Plaintiff's Complaint.

28.    Deny knowledge and information sufficient to form a belief as to the truth of the allegation set forth in paragraph "28" of Plaintiff's Complaint.

29.    Deny the truth of the allegations set forth in paragraph "29" of Plaintiff's Complaint.

30.    Deny the truth of the allegations set forth in paragraph "30" of Plaintiff's Complaint.

31.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of Plaintiff's Complaint.

32.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of Plaintiff's Complaint.

3197204.1

33.    Deny the truth of the allegations set forth in paragraph "33" of Plaintiff's Complaint.

34.    Deny the truth of the allegations set forth in paragraph "34" of Plaintiff's Complaint, except to admit that Defendants terminated Plaintiff's employment on July 30, 2007.

35.    Deny the truth of the allegation set forth in paragraph "35" of Plaintiff's Complaint.

36.    Deny the truth of the allegations set forth in paragraph "36" of Plaintiff's Complaint, except to admit that Defendants challenged Plaintiff's unemployment benefits claim on the basis that Plaintiff's employment was terminated for cause.

37.    Deny the truth of the allegations set forth in paragraph "37" of Plaintiff's Complaint.

38.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of Plaintiff's Complaint.

39.    Deny the truth of the allegations set forth in paragraph "39" of Plaintiff's Complaint.

### AS AND FOR DEFENDANTS' ANSWER TO THE FIRST CAUSE OF ACTION AS AGAINST THE COMMISSION ONLY
### (Age Discrimination under ADEA)

40.    With respect to the allegations set forth in paragraph "40" of Plaintiff's Complaint, Defendants repeat and restate each and every answer to the allegations in paragraphs "1" through "39" of Plaintiff's Complaint set forth above with the same force and effect as if fully set forth herein.

3197204.1

41.    Deny the truth of the allegation set forth in paragraph "41" of Plaintiff's Complaint.

42.    Deny the truth of the allegation set forth in paragraph "42" of Plaintiff's Complaint.

43.    Deny the truth of the allegations set forth in paragraph "43" of Plaintiff's Complaint.

## AS AND FOR DEFENDANTS' ANSWERS TO THE SECOND CAUSE OF ACTION AS AGAINST THE COMMISSION
### (Retaliation under ADEA)

44.    With respect to the allegations set forth in paragraph "44" of Plaintiff's Complaint, Defendants repeat and restate each and every answer to the allegations in paragraphs "1" through "43" of Plaintiff's Complaint set forth above with the same force and effect as if fully set forth herein.

45.    Deny the truth of the allegation set forth in paragraph "45" of Plaintiff's Complaint.

46.    Deny the truth of the allegation set forth in paragraph "46" of Plaintiff's Complaint.

47.    Deny the truth of the allegation set forth in paragraph "47" of Plaintiff's Complaint.

## AS AND FOR DEFENDANTS' ANSWER TO THE THIRD CAUSE OF ACTION AS AGAINST ALL DEFENDANTS
### (Violation of the First Amendment)

48.    With respect to the allegations set forth in paragraph "48" of Plaintiff's

3197204.1

Complaint, Defendants repeat and restate each and every answer to the allegations in paragraphs "1" through "47" of Plaintiff's Complaint set forth above with the same force and effect as if fully set forth herein.

49.    Deny the truth of the allegations set forth in paragraph "49" of Plaintiff's Complaint.

50.    Deny the truth of the allegations set forth in paragraph "50" of Plaintiff's Complaint.

51.    Deny the truth of the allegations set forth in paragraph "51" of Plaintiff's Complaint.

## AS AND FOR DEFENDANTS' ANSWER TO THE FOURTH CAUSE OF ACTION AS AGAINST ALL DEFENDANTS

52.    With respect to the allegations set forth in paragraph "52" of Plaintiff's Complaint, Defendants repeat and restate each and every answer to the allegations in paragraphs "1" through "51" of Plaintiff's Complaint set forth above with the same force and effect as if fully set forth herein.

53.    Deny the truth of the allegations set forth in paragraph "53" of Plaintiff's Complaint.

54.    Deny the truth of the allegations set forth in paragraph "54" of Plaintiff's Complaint.

55.    Deny the truth of the allegations set forth in paragraph "55" of Plaintiff's Complaint.

3197204.1

### FIRST AFFIRMATIVE DEFENSE

56.   The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

57.   At all time relevant to the allegations contained in the Complaint, Defendants acted in full conformity with all applicable municipal, state and federal laws.

### THIRD AFFIRMATIVE DEFENSE

58.   This Court lacks subject matter jurisdiction over any claims not asserted before the EEOC.

### FOURTH AFFIRMATIVE DEFENSE

59.   This Court lacks in personam jurisdiction over Defendants.

### FIFTH AFFIRMATIVE DEFENSE

60.   The Complaint is barred, in whole or in part, by the applicable statutes of limitations.

### SIXTH AFFIRMATIVE DEFENSE

61.   The Complaint is barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

### SEVENTH AFFIRMATIVE DEFENSE

62.   Plaintiff's claims for equitable relief are barred by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

63.   The Complaint does not state a viable cause of action which permits recovery of punitive damages.

3197204.1

## NINTH AFFIRMATIVE DEFENSE

64.    Any award of punitive damages to Plaintiffs that would violate the substantive and procedural due process safeguards of the Fifth and Fourteenth Amendments to the United States Constitution and prohibitions against excessive fines is barred.

## TENTH AFFIRMATIVE DEFENSE

65.    Defendants have undertaken good faith efforts to comply with the law and enforce the Commission's established anti-discrimination policy and, as such, are not liable for punitive damages, even if, assuming arguendo, Plaintiff could establish any of the allegations set forth in Plaintiff's Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

66.    Plaintiff's claims are barred, in whole or in part, for failure to exhaust administrative remedies, including the Commission's established anti-discrimination policy.

## TWELFTH AFFIRMATIVE DEFENSE

67.    Plaintiff's failure to exhaust internal administrative remedies and grievance procedures preclude recovery pursuant to the ADEA or Section 1983.

## THIRTEENTH AFFIRMATIVE DEFENSE

68.    Defendants relied on legitimate, non-discriminatory factors in terminating Plaintiff's employment.

## FOURTEENTH AFFIRMATIVE DEFENSE

69.    Assuming, arguendo, that Plaintiff can establish a violation of the ADEA, he is not entitled to liquidated damages because:  (a) any acts or omissions attributable to Defendants were in good faith; (b) Defendants had reasonable ground for believing that their actions did not violate the ADEA; and/or (c) Defendants did not act knowingly, willfully, or with reckless disregard in violating the ADEA.

3197204.1

## FIFTEENTH AFFIRMATIVE DEFENSE

70.    Defendants' acted in good faith to comply with the ADEA by establishment and enforcement of an anti-discrimination policy.

## SIXTEENTH AFFIRMATIVE DEFENSE

71.    Defendants are not guilty of any act or omission which was the proximate or competent producing cause of any injuries or damages alleged to have been sustained.

## SEVENTEENTH AFFIRMATIVE DEFENSE

72.    Plaintiff's damages are barred, in whole or in part, to the extent that he failed to mitigate his damages.

**WHEREFORE**, Defendants request judgment dismissing Plaintiff's Complaint in its entirety, together with costs and disbursements of this action and such other and further relief as this Court deems just and proper.

Dated: New York, New York
       April 21, 2008

Yours, etc.,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
       David S. Sheiffer (DS-4198)
       Attorneys for Defendants
       150 East 42nd Street
       New York, New York 10017
       Phone: (212) 490-3000
       Fax :   (212) 490-3038
       File No.: 01895.00009

- 11 -

## CERTIFICATE OF SERVICE

I, Susan K. Slim, hereby certify that on the 21st day of April, 2008, I caused true and accurate copies of the foregoing Defendants' **Answer and Affirmative Defenses**, dated April 21, 2008, to be served via overnight delivery and filed electronically via PACER, upon each of the persons listed below.

I further certify, under penalty of perjury, that the foregoing is true and correct. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Susan K. Slim (SS 3785)

Dated: April 21, 2008

To:     Valdi Licul
        Attorney for Plaintiff
        Vladeck, Waldman, Elias & Engelhard, P.C.
        1501 Broadway - Suite 800
        New York, NY 10036

3202403.1